# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

LEONARD KESSELL,

*Plaintiff-Appellee,*

v.

SOUTH CHARLESTON STAMPING &
MANUFACTURING COMPANY,

*Defendant-Appellant,*

and

MAYFLOWER ACQUISITIONS,
INCORPORATED; MAYFLOWER
HOLDINGS, INCORPORATED;
MAYFLOWER, P.L.C.,

*Defendants.*

No. 01-2080

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
John T. Copenhaver, Jr., District Judge.
(CA-96-1939-2)

Argued: May 8, 2002

Decided: June 5, 2002

Before WILKINSON, Chief Judge, and WILKINS and
LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

## COUNSEL

**ARGUED:** Bryan Rex Cokeley, STEPTOE & JOHNSON, P.L.L.C.,
Charleston, West Virginia, for Appellant. Amy Martin Herrenkohl,

HERRENKOHL LAW OFFICE, Barboursville, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Plaintiff Leonard Kessell sued defendant South Charleston Stamping & Manufacturing Company ("SCSM"), alleging that SCSM had terminated him and then failed to reinstate him in violation of West Virginia law. The jury found for SCSM on all but the failure to reinstate claim. The district court then denied SCSM's motion to have the verdict in favor of Kessell on that claim set aside. Because there was sufficient evidence for a jury to find that Kessell had not been rehired as a result of filing this lawsuit, we affirm.

I.

Plaintiff Leonard Kessell was a manufacturing associate for South Charleston Stamping & Manufacturing Company, an automotive stamping plant that converts sheets of metal into auto body parts. On March 5, 1993, Kessell injured his hand at work when he fell and hit his hand on a piece of equipment. Over the next year, Kessell re-injured his hand several times. As a result of these injuries, Kessell was not able to work and received temporary total disability benefits ("TTD") until October 7, 1994. He also applied for Social Security disability benefits ("SSI"), which were denied.

In September 1994, Kessell's treating physician reported to the West Virginia Workers' Compensation Division that Kessell had reached his maximum degree of medical improvement and could return to work without restrictions as of September 30, 1994. Disagreeing with this diagnosis, Kessell sought out another treating phy-

sician who wrote a letter to the Workers' Compensation Division informing it that Kessell was still disabled and could not return to work. Kessell continued to seek TTD and SSI benefits. On December 14, 1994, SCSM wrote to Kessell requesting an update on his condition. Kessell went to the SCSM plant on December 19, and allegedly informed SCSM that he would not be able to work and was pursuing SSI benefits.

On December 20, 1994, Kessell's employment at SCSM was terminated. There is a dispute regarding whether Kessell resigned or was fired. Kessell claims he was fired after he went to the plant to speak to Bob Vicars, SCSM's human resources manager. Kessell contends that he talked to Vicars about the fact that his TTD benefits had been cut off, and that Vicars agreed to write a letter stating that there was no work that Kessell could do at SCSM's plant due to his injury. Vicars, on the other hand, claims that Kessell told him that he was completely disabled and therefore, Kessell needed a letter saying SCSM did not have work for him so that he could get SSI benefits. Vicars contends that he told Kessell he could not write a letter stating there was no work because SCSM hired people every day. Instead, Vicars claims that he offered to write a letter saying that Kessell no longer worked at SCSM and was not going to be able to come back to work. Regardless, Kessell contends that he was "shocked" to receive a termination letter from SCSM soon after the meeting.

On September 26, 1996, Kessell filed a three count lawsuit against SCSM in West Virginia.[1] This complaint alleged that SCSM had unlawfully terminated Kessell on December 20, 1994, in violation of W. Va. Code § 23-5A-3(a) ("Count 1"); that SCSM had unlawfully failed to reinstate Kessell in 1996, in violation of W. Va. Code § 23-5A-3(b) ("Count 2"); and that SCSM failed to rehire Kessell in August 1997 in retaliation for filing this lawsuit, in violation of W. Va. Code § 23-5A-1 ("Count 3").

In July 1998, after a seven day trial, the jury found in favor of SCSM on Counts 1 and 2, but found in favor of Kessell on Count 3.

---

[1]This case was originally brought in West Virginia state court, but SCSM removed the case to federal court based on potential ERISA preemption.

The jury awarded Kessell compensatory damages of $27,144, $18,096 in lost wages and $9,048 for past emotional distress and aggravation, and punitive damages of $25,000. With interest, the total award was for $55,476.69.

Subsequently, SCSM filed a motion pursuant to Rules 50 and 59(e) of the Federal Rules of Civil Procedure seeking to alter or amend the judgment and have the verdict on Count 3 set aside in its entirety in order to "prevent manifest injustice." SCSM contended that the jury, in finding in its favor on Count 1, must have determined that Kessell voluntarily quit his employment on December 20, 1994 and was, therefore, lying about what occurred at the December 20 meeting with Vicars. Thus, SCSM argued, the jury was required to accept its contention that Kessell was not reinstated in August 1997 because he had not been truthful about what occurred at the December 20 meeting. Therefore, SCSM maintained that the jury could not find, as Kessell had argued, that he was not rehired in retaliation for filing the lawsuit.[2]

On August 8, 2001, the district court denied SCSM's motion. The district court noted that SCSM had stressed in its closing argument the theory that "the first and third claims rose or fell on whether the plaintiff was discharged or voluntarily resigned on December 20, 1994." Despite this theory, the jury found that SCSM's claim that Kessell was not rehired because he was not truthful about the December 20 meeting was pretextual, concluding instead that SCSM had indeed refused to reinstate Kessell because he had filed the lawsuit. The district court held that the jury was entitled to make such a finding based on the evidence before it and denied SCSM's motion. SCSM appeals.

---

[2]SCSM also moved to have the punitive damages award set aside, contending that its conduct did not support an award of punitive damages under West Virginia law, and that the compensatory award included a provision for past emotional distress and aggravation making it, in effect, a punitive award. The district court denied this motion and SCSM has not pursued this issue on appeal.

## II.

As an initial matter, we review the district court's denial of a Rule 59(e) motion to alter or amend the judgment for abuse of discretion. *See Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 402 (4th Cir. 1998).

In this case, SCSM argues that in finding for it on Count 1, the jury necessarily found that Kessell had voluntarily resigned on December 20. Therefore, SCSM contends that Kessell could not recover on Count 3 because it presented the jury with a legitimate, nondiscriminatory reason for not reinstating Kessell in August 1997, namely that Kessell was not rehired because he lied about the events of December 20. However, there is no necessary inconsistency between the jury's verdicts on Counts 1 and 3 in this case. The jury could have independently found that Kessell was not rehired because he filed the lawsuit, even if the jury believed that Kessell's version of the December 20 meeting was not accurate.

Section 23-5A-1 of the West Virginia Code prohibits an employer from discriminating against an employee for receiving or attempting to receive benefits under West Virginia's Workers' Compensation Act. Among other things, it is considered discriminatory for an employer to retaliate by firing or failing to reinstate an employee in response to the employee's filing a lawsuit alleging discrimination under the Act. The West Virginia Supreme Court of Appeals has noted that in determining discriminatory intent, fact finders may look to a variety of factors including "[e]vidence of satisfactory work performance and supervisory evaluations before the accident," "[a]ny evidence of an actual pattern of harassing conduct," and "[p]roximity in time of the claim and the firing." *Powell v. Wyo. Cablevision, Inc.*, 403 S.E.2d 717, 721 (W. Va. 1991).

In this case, Kessell alleged that he was not rehired in retaliation for filing this lawsuit. To prove his case, he offered evidence that his work performance prior to his injuries had been satisfactory. He also offered testimony from another employee who had difficulty getting reinstated after being out of work due to a disability. And perhaps most tellingly, Kessell offered Vicars' statements that, in February or March 1995, there was nothing that would have prevented him from

reinstating Kessell and that Kessell "left the company in [his] opinion in very good standing." Yet, after the lawsuit was filed and Kessell requested reinstatement in August 1997, Vicars stated in a letter denying Kessell reinstatement that he had "lost respect for Mr. Kessell" and would not reinstate him. Similarly, at trial Vicars was asked:

> Q:   And you are stating that once that lawsuit was filed, that I believe you told me that you lost respect for Mr. Kessell and thought that he was attempting just to get a pocketful of money and that you wouldn't reinstate him because of that?

To which he responded, "Yes, ma'am." The jury's finding in favor of Kessell on Count 3 was thus clearly supported by the evidence.

It is true that SCSM offered an alternative theory that Kessell was not rehired because he lied about what occurred at the December 20 meeting. However, SCSM failed to persuade the jury to accept that explanation. It was within the province of the jury to evaluate the evidence and accept the theory it found most credible. And it did just that. The jury was free to believe SCSM about what happened at the December 20 meeting and yet, still disbelieve SCSM as to the reason for its failure to reinstate Kessell in 1997. The district court properly recognized this, and therefore, did not abuse its discretion in denying the Rule 59(e) motion. Accordingly, the judgment of the district court is

*AFFIRMED.*